IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.

| | | |
|---|---|---|
| Matt Jenkins | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | JURY TRIAL DEMANDED |
| Nationwide Credit Inc. | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**Plaintiff alleges as follows**:

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70,

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in North Carolina.

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. Upon information and belief, Defendant, Nationwide Credit Inc. is a business entity with a principal business office located in Georgia with their North Carolina registered agent listed with the North Carolina Secretary of State as CT Corporation System, 150 Fayetteville St. Box 1011, Raleigh, NC 27601.

4. Upon information and belief, Defendant, Nationwide Credit Inc. is a business entity who regularly engages in debt collection from consumers using the mail and telephone.

5. Defendant, Nationwide Credit Inc. is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

## JURISDICTION

6. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 28 U.S.C. §1332(a).

7. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

8. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

9. On or about March 1, 2011, thru July 31, 2011, the Defendant placed telephone calls to the Plaintiffs cellular telephone, (562) 882-0300, using an automatic telephone dialing system.

10. On or about March 1, 2011, thru July 31, 2011, the Defendant placed telephone calls to the Plaintiffs cellular telephone, (562) 882-0300, using an artificial voice or prerecorded message player.

11. The Defendant did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cell phone (562) 882-0300.

12. The Defendant did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

13. At no time, has the Plaintiff directly provided his telephone number to the Defendant.

14. Upon information and belief, the Defendant claimed to be calling on behalf of Capital One Services Inc.

15. At no time, has the Plaintiff directly provided his telephone number to the Defendant's client, Capital One Services Inc.

16. Upon information and belief, the Defendant obtained the Plaintiff's number through their own skip-tracing efforts.

17. The Defendant placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an autodialer or an artificial or prerecorded voice

18. Upon information and belief, the Defendant claimed to be collecting on behalf of Capital One Services Inc., whom the Defendant claimed was a creditor of the Plaintiff.

19. Upon information and belief, Capitol One Services Inc. is not a creditor as they do not loan money nor extend credit.

20. During their collection attempts with the Plaintff, the Defendant communicated to the Plaintiff that they were attempting to collect on a debt owed by the Plaintiff on an account issued to the Shephard Service Company that had become delinquent and that the Plaintiff was responsible for payment of the account.

21. Upon information and belief, the Defendant was attempting to collect on an alleged debt which was incurred primarily for personal or household purchases owed by the Plaintiff.

22. During the subject time frame, the Defendant placed phone calls and sent dunning letters to the Plaintiff in an attempt to collect on an alleged debt the Plaintiff owed to the Defendant's client. Upon information and belief the subject account the Defendant was attempting to collect was/is time-barred based on the Defendants own records as the subject account had become delinquent more than 3 years prior to Defendant's collection attempts.

23. The Defendant's dunning letters and phone calls sought acknowledgment of the time-barred debt from the Plaintiff by seeking payment from the Plaintiff but failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

26. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

27. The TCPA is a strict liability statute.

28. The Defendant placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

29. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

30. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

32. The Defendant's placing of telephone calls to the Plaintiff's cellular telephone number without his prior express consent through the use of an automatic telephone dialing system and/or a prerecorded message player was in violation of North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115

33. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

34. As a result of Defendants violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

35. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

36. Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1)

37. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

38. As a result of Defendant's violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

40. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:
    a. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. § 1692d and/or 15 U.S.C. § 1692f
    b. violating the North Carolina Collection Agency Act in violation of 15 U.S.C. § 1692f

c. making false and misleading representations in their attempts to collect a debt in violation of 15 U.S.C. § 1692e

41. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of the TCPA;

2. For $1000.00 for violation of the FDCPA;

3. For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. award such other and further relief as the Court deems just and proper under the circumstances

Dated: ___2/23/2012____

Respectfully submitted,

___/S/_____
W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 206
Raleigh, NC 27601
Telephone: 919-906-4687
lelieverlaw@hotmail.com
*Counsel for Plaintiff*